NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**CLARENCE GANAWAY,**
*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

———————————

2013-5031

———————————

Appeal from the United States Court of Federal Claims in No. 12-CV-654, Judge Francis M. Allegra.

———————————

Decided: February 10, 2014

———————————

CLARENCE GANAWAY, of Mansfield, Ohio, pro se.

CHRISTOPHER J. CARNEY, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were STUART F. DELERY, Assistant Attorney General, BRYANT G. SNEE, Acting Director, and FRANKLIN E. WHITE, JR., Assistant Director.

———————————

Before O'MALLEY, REYNA, and WALLACH, *Circuit Judges.*

PER CURIAM.

Clarence Ganaway appeals from the judgment of the United States Court of Federal Claims dismissing his complaint for lack of subject matter jurisdiction. This court affirms.

BACKGROUND

On September 28, 2012, Mr. Ganaway filed a complaint with the Court of Federal Claims alleging civil rights violations and seeking "monetary damages, punitive damages," and "any other restitution remedies that apply to the plaintiff in equity." App. 4–5. His complaint states that minority children in inner cities receive "inferior education" whereas children in the suburbs have access to higher learning. App. 7. "Due to under[-]education," he alleges that minority children "fall into the trap of disparat[e] sentencing to long harsh prison time." App. 8. He argues this disparity is a violation of the Equal Protection Clause of the Fourteenth Amendment, App. 12, and seeks relief "under the Civil Rights Act 42 U.S.C. § 1983," App. 6.

On October 2, 2012, the Court of Federal Claims sua sponte issued an order dismissing the complaint for lack of jurisdiction. Mr. Ganaway filed this timely appeal. He failed to pay this court's docketing fee, however, and on February 15, 2013, his appeal was dismissed for failure to prosecute. *Ganaway v. United States*, No. 2013-5031 (Fed. Cir. Feb. 15, 2013) (ECF No. 7) (order dismissing appeal for failure to prosecute in accordance with the rules). On September 20, 2013, this court granted Mr. Ganaway's motion to reopen his appeal, and ordered him to file an informal brief within twenty-one days. *Ganaway v. United States*, No. 2013-5031 (Fed. Cir. Sept. 20, 2013) (ECF No. 16) (order granting motion to reopen appeal). We now consider Mr. Ganaway's informal brief and the Government's response.

## DISCUSSION

Dismissal for lack of jurisdiction is a question of law, which this court reviews de novo. *Bank of Guam v. United States*, 578 F.3d 1318, 1325 (Fed. Cir. 2009). The plaintiff bears the burden to establish jurisdiction by a preponderance of the evidence. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). "In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Id.*

Drawing all inferences in Mr. Ganaway's favor, the Court of Federal Claims was correct to dismiss his complaint for lack of jurisdiction. The Tucker Act, which provides jurisdiction in the Court of Federal Claims, states:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2012). The Tucker Act is "only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). A plaintiff must also assert a right to recover under a separate money-mandating source of law. When, as here, there is no allegation of a contract with the United States, the plaintiff must show that "the constitutional provision, statute, or regulation in question expressly creates a substantive right enforceable against the federal government for money damages." *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (citing *Testan*, 424 U.S. at 398).

The laws on which Mr. Ganaway relies are not money mandating. The Equal Protection Clause of the Fourteenth Amendment "do[es] not mandate payment of money by the government." *LeBlanc*, 50 F.3d at 1028. Section 1983 of the Civil Rights Act of 1964 also does not create a right "against the federal government for money damages," *id.*, but is instead a damages remedy against persons acting under the color of *state* law. *See Davis v. Passman*, 442 U.S. 228, 248 (1979) ("By virtue of 42 U.S.C. § 1983, a damages remedy is already available to redress injuries such as petitioner's when they occur under color of state law."). To the extent Mr. Ganaway asserts a due process claim under the Fifth and Fourteenth Amendments, or a tort claim, these claims also do not establish jurisdiction. *See LeBlanc*, 50 F.3d at 1028 (holding there is no Tucker Act jurisdiction based on the Due Process clauses of the Fifth and Fourteenth Amendments); 28 U.S.C. § 1346(b)(1) (granting district courts exclusive jurisdiction to hear tort claims against the United States pursuant to the Federal Tort Claims Act); *see also Berdick v. United States*, 612 F.2d 533, 536 (Ct. Cl. 1979).

On appeal, Mr. Ganaway argues that the Court of Federal Claims erred in failing to consider 28 U.S.C. §§ 1331, 1343, 2201, 2202, 2283, 2284, and 1915(e)(1). These provisions have no bearing on jurisdiction in the Court of Federal Claims, however. Sections 1331, 1343, 2201, and 2202 provide jurisdiction in federal district courts, not the Court of Federal Claims. Sections 2283 and 1915(e) are not jurisdictional provisions; the former addresses when federal courts may enjoin state court proceedings, and the latter describes when courts may appoint counsel to "represent any person unable to afford counsel."

Mr. Ganaway also asserts jurisdiction under an unspecified "Rule 65." If he refers to Rule 65 of the Rules of the United States Court of Federal Claims, that rule

sets various limits on the court's exercise of injunctive relief. It does not provide for jurisdiction.

Mr. Ganaway also asserts error in the Court of Federal Claims' alleged failure to take into account "the main fact of inferior education in the in[n]er cit[ies] of America." Appellant's Br. 1. He states that most "minority school district[s] receive nearly $4000 less per pupil" and "78% of [their] teachers . . . do not teach in [their] accredited subject area." *Id.* Although these distressing factual allegations may well be true, they do not create for Mr. Ganaway a cause of action in the Court of Federal Claims. Nor do they alter the jurisdictional analysis here; Mr. Ganaway has failed to identify a money-mandating source of law.[1]

## CONCLUSION

This court accordingly affirms the Court of Federal Claims' dismissal of Mr. Ganaway's complaint.

## **AFFIRMED**

No costs.

---

[1] Mr. Ganaway requests this court to "allow discovery" pursuant to the Federal Rules of Civil Procedure 26 through 37. Appellant's Br. 2. Because the Court of Federal Claims lacked jurisdiction, however, it had no power to order discovery.